|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CASE NO. 4:09-CR-221 |
| § | Judge Crone |
| SON TROUNG (1) and § | |
| DUNG NGUYEN (3) § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On February 17, 2010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion to Suppress Warrants and Statements (Dkt. #35)[1] should be denied.

On February 22, 2010, Defendant Dung Nguyen filed objections to the Magistrate Judge's report. On February 24, 2010, Defendant Son Troung was granted leave to join in and adopt the objections. Defendants assert that the good-faith exception to the exclusionary rule does not apply because the warrant in this case is based upon a bare-bones affidavit. *See United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992)(citing *United States v. Leon*, 468 U.S. 897, 923 (1984)). Defendants argue that the affidavit is bare bones because it "contains the following conclusory statements: 1) Nguyen told officers he was on his way back from visiting a friend, that he was being deceitful and did not want officers to know he had been at the suspected residence; 2) a single package for a Hydrofarm T5 Designer Fixture, Sturdy Twists, and one sheet of black plastic are evidence of indoor marijuana cultivation; 3) the sound of a 'loud blower or fan' is evidence of indoor marijuana cultivation."

While Defendants argue that the affidavit was "bare bones," this assertion is incorrect. Defendants assert that because Defendant Nguyen speaks only Vietnamese, the Government must

---

[1] Defendant Son Troung filed this Motion to Suppress Evidence (Dkt. #35). Defendant Dung Nguyen filed a Motion for Leave to Join in and Adopt (Dkt. #41) the suppression motion. The Court granted Defendant Dung Nguyen leave to adopt the suppression motion (Dkt #43).

show that the Irving Police Department communicated with Defendant Nguyen in Vietnamese, which is Defendant Nguyen's "native tongue." Defendants argue that without this showing, stating in the affidavit that Defendant Nguyen told officers that he was leaving a friend's house on Beltline Road, when officers had just observed him leaving another residence, is a "wholly conclusory statement," is "deceitful," and a "reckless disregard for the truth."

The Court finds this argument unpersuasive. Defendants make a "wholly conclusory statement" of their own in asserting that Defendant Nguyen speaks only Vietnamese. The request for, and the use of, a courtroom interpreter is not evidence that Defendant Nguyen does not understand the English language at a sufficient level to communicate with the officer. There is nothing in the record suggesting that Defendant Nguyen did not understand the officer's questions. There is nothing in the record indicating that law enforcement officers had trouble communicating with Defendant Nguyen. Defendants provide no authority, and the Court is aware of none, that the Government is required to prove that a law enforcement officer making a traffic stop must speak to the driver of the vehicle in the driver's alleged "native tongue," where there is no evidence that communication with the driver was an issue. Therefore, this argument does not make the affidavit bare bones.

Defendants also argue that "a single package for a Hydrofarm T5 Designer Fixture, Sturdy Twists, and one sheet of black plastic are evidence of indoor marijuana cultivation" are "more indicative of an indoor tomato gardener than a large scale indoor marijuana grow." Essentially, Defendants argue that because there are legitimate explanations for these items, that officers could not possibly view the items as evidence of marijuana cultivation. Defendants further argue that the amount of these items found in the Defendant's garbage is not in a quantity to suggest indoor marijuana of "the alleged more than 100 plants." The Court finds these arguments unpersuasive. While these items may be purchased and used legally, that does not change the fact that trained law enforcement, based upon their experience and training, considered the use of these items to be indicative of marijuana cultivation, when viewed alongside all of the other information gathered during their investigation. There is no claim in the affidavit, or in the report of the Magistrate Judge,

that officers considered these items independently to establish probable cause for the search of the residence in question.

Defendants make a similar argument stating that it "strains credulity that such a fan or blower was heard, and that an alleged anonymous informer/s could claim the smell of marijuana plants so pervasive and yet no odor of marijuana ever escaped the house." Further, Defendants argue that "the sound of blowers, fans and odd drywall placement are things which usually accompany plumbing problems and interior flood remediation." Again, Defendants are essentially arguing that because there is a theoretical, legitimate explanation for the observations made by officers or the informant, then the affidavit is bare bones. The Court disagrees with this assertion, as law enforcement officers are allowed to draw on their training and experience in developing probable cause. *See Texas v. Brown*, 460 U.S. 730, 746, 103 S. Ct. 1535, 1536 (1983) ("a law enforcement officer may rely on his training and experience to draw inferences and make deductions that might well elude an untrained person").

The Court notes that the question regarding a bare-bones affidavit is not whether every single fact alleged by the affiant is per se illegal or whether there is a legal explanation for that fact. The question is whether the affidavit is "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." *United States v. Cherna*, 184 F.3d 403, 407-08 (5th Cir. 1999). In this case, the affidavit is based upon information from an informant, whom law enforcement officers considered to be credible. Officers considered the informant credible because their own investigation included observing corroborating physical evidence that indicated marijuana cultivation. Therefore, the affidavit in this case is not bare bones.

The Court, having made a *de novo* review of the objections raised by Defendants, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court. It is accordingly

**ORDERED** that Defendants' Motion to Suppress Warrants and Statements (Dkt. #35) is **DENIED**.

SIGNED at Beaumont, Texas, this 1st day of March, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE